on the merits. *See EMS*, 309 S.W.3d at 658; *Tom James*, 109 S.W.3d at 884. Accordingly, we may not review the merits of the underlying litigation on appeal. *See Sharma v. Vinmar, Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex.App.-Houston [14th Dist.] 2007, no pet.); *Law*, 123 S.W.3d at 792. Our review is solely limited to whether the trial court abused its discretion in issuing the temporary injunction. *Law*, 123 S.W.3d at 792; *San Miguel*, 40 S.W.3d at 107.

The issue before the trial court was whether the City was entitled to a temporary injunction, not whether the ordinance was enforceable or constitutional. Indeed, the trial court found that 8100 was operating a business in violation of article II, but it did not issue any rulings regarding the constitutionality or enforceability of the ordinance. In its second and third issues, 8100 does not argue that the trial court abused its discretion in issuing the temporary injunction; rather, it argues that the ordinance upon which it is based is unenforceable and unconstitutional. These issues are dispositive of 8100's defenses in the underlying litigation and therefore are not appropriate subjects for appellate review in this interlocutory appeal.[4] We will not issue an advance ruling on the merits by addressing these issues before the trial court has done so. *See Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex.App.-Dallas 2010, no pet.).

### CONCLUSION

The trial court did not abuse its discretion in issuing a temporary injunction against 8100. We affirm the trial court's order.

SULLIVAN, J., not participating.

CARROLLTON–FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT and Lynn Chaffin, in her capacity as Presiding Officer, Appellants,

v.

Richard FLEMING, Appellee.

No. 05–09–01166–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 2010.

Robert E. Luna, Law Office of Earl Luna, P.C., Dallas, J. Darlene Ewing, Law Office of J. Darlene Ewing, Sunnyvale, for Appellants.

Derrell Anthony Coleman, West and Associates, LLP, Dallas, Jennifer S. Riggs,

---

4. *See San Miguel*, 40 S.W.3d at 109 (stating that temporary injunction did not resolve issues regarding vagueness and constitutionality of ordinance); *T & R Assocs. v. City of Amarillo*, 601 S.W.2d 178, 180 (Tex.Civ.App.-Amarillo 1980, no writ) (noting that grounds to escape enforcement of ordinance may not be entertained on appeal of temporary injunction because they relate to the merits); *Hous.* *Compressed*, 456 S.W.2d at 774 (stating that arguments that statute is vague and indefinite are not before the court on appeal of temporary injunction); *see also EMS*, 309 S.W.3d at 658 ("[A]ny appeal of an order granting or denying a temporary injunction based on a non-compete covenant does not present for appellate review the ultimate question of whether the covenant is enforceable....").

Bill Aleshire, Riggs Aleshire & Ray, P.C., Austin, for Appellee.

Before Justices MOSELEY, BRIDGES, and O'NEILL.

## OPINION

Opinion By Justice BRIDGES.

Appellants have filed a motion for voluntary dismissal. We **GRANT** appellants' motion and **DISMISS** this appeal.

**Stephen KEMP and Elliot Kemp, Appellants,**

v.

**Paul JENSEN; John Saringer; and Wagstaff, Alvis, Stubbeman, Seamster & Longacre, L.L.P., Appellees.**

No. 11–09–00052–CV.

Court of Appeals of Texas, Eastland.

Dec. 2, 2010.

